## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

SALIH WASIM LUTFI,                      )
                                        )
        Plaintiff,              )
                                        )
v.                                      )          Civil Action No. 5:15-02064
                                        )
E. STOCK, *et al.*,                     )
                                        )
        Defendants.             )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.), filed on February 23, 2015. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

### FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2015, Plaintiff, an inmate incarcerated at FCI Beckley, and acting *pro se*, filed his Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 3.) Plaintiff names the following as Defendants: (1) E. Stock, Case Manager; (2) Hawkins, Counselor; (3) R. Maza, Case Manager; (4) Westcott, Counselor; and (5) J. Coakley, Warden. (Id.) First, Plaintiff complains that Defendants are denying him access to the court by failing

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to provide him with requested administrative remedy forms and failing to make photocopies of requested documents. (Id., p. 4.) Specifically, Plaintiff alleges that Defendants Stock, Hawkins, and Westcott "will not do any copies for me even when I offer to pay" and "will not give me requested BP-8, BP-9, and BP-10s for filing complaints and for inmate appeals." (Id.) Plaintiff claims that Defendant Stock and Maza "trashed" his "legal documents" because "one of my complaints was against E. Stock." (Id.) Plaintiff further complains that when he requested Defendant Stock to make copies of legal materials, she responded "what's wrong with your hands?". (Id.)

Next, Plaintiff appears to complain that he is being denied Residential Re-Entry Center ["RRC"] placement. (Id., p. 8.) Specifically, Plaintiff alleges that Defendant Stock "is not applying consistent standards for the application of the Second Chance Act." (Id.) Plaintiff alleges that "she only recommends 6 months or less for most inmates, but for her K9 program inmates she recommends 9 months RRC placement or home confinement." (Id.) Plaintiff further complains that Defendant Stock is "only recommending 6 months RRC placement" for him, and he is qualified for both RRC placement and home confinement. (Id.) Thus, Plaintiff contends that Defendant Stock is improperly applying the Second Chance Act. (Id.) As relief, Plaintiff requests the following: (1) "Demotion of Case Manager E. Stock;" (2) "Hawkins, R. Maza, Westcott should have this incident filed in their personal employee files for code on ethics;" and (3) "For the application of the Second Chance Act to be applied with consistent standards for RRC placement and home confinement." (Id., p. 5.)

As Exhibits, Plaintiff attaches the following: (1) A copy of his "Inmate Request to Staff" dated June 8, 2014 (Id., p. 9.); (2) A copy of a letter from Plaintiff to the Unit Team dated May 30, 2014 (Id., pp. 10 - 11.); (3) A copy of Plaintiff's "Request for Administrative Remedy Informal

2

Resolution Form" dated July 1, 2014 (Id., p. 12.); (4) A copy of Plaintiff's "Male Custody Classification Form" dated September 4, 2014 (Id., p. 13.); (5) A copy of Plaintiff's "Inmate Request to Staff" dated October 9, 2013 (Id., p. 14.); (6) A copy of a letter from Plaintiff to the Inspector General dated December 9, 2014 (Id., pp. 15 - 18.); (7) A copy of a letter from Plaintiff to the EEO Officer dated December 14, 2014 (Id., p. 19.); and (8) A copy of Plaintiff's "Request for Administrative Remedy" dated January 30, 2015 (Id., p. 20.).

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates."

Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is

a judicially created damages remedy which is designed to vindicate violations of constitutional rights

by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403

U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64

L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S.

228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow

citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause

of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C.

§ 1983. An action for money damages may be brought against federal agents acting under the color

of their authority for injuries caused by their unconstitutional conduct. Proof of causation between

the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting

a claim under Bivens must show the violation of a valid constitutional right by a person acting under

color of federal law.[2] The United States Supreme Court has held that an inmate may name a federal

---

[2] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

    **A.    Access to Court.**

    Plaintiff claims that Defendants deprived him of access to the Court by failing to make him photocopies of documents and making the administrative remedies process unavailable at FCI Beckley. A Complaint alleging deprivation of the right of access to the Courts must contain specific allegations respecting an injury which was actually sustained by the inmate as a result of the policies and procedures in effect at the place of incarceration or the conduct of prison officials. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Conclusory allegations will not suffice. Id. A prisoner must identify an actual injury resulting from official conduct. Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir.), cert. denied, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). First, Plaintiff contends that Defendants denied him access to the courts by failing to make him photocopies of certain documents. Plaintiff fails to explain how Defendants' alleged failure to make copies denied him access to the court. Plaintiff merely complains that Defendant Stock refused to make photocopies for him by stating "what is wrong with your hands." The record, however, indicates that Plaintiff has the ability to make photocopies of documents. The undersigned notes that Plaintiff attached photocopies of documents as Exhibits to his Complaint. Second, Plaintiff alleges that Defendants denied him access to the courts by refusing to provide him with administrative remedy

forms. Although the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust administrative remedies prior to filing civil actions, the plain language of the statute requires that only "available" administrative remedies be exhausted. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006). A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.) Thus, even assuming that Defendants rendered the administrative remedies process unavailable as Plaintiff alleges, Plaintiff was not denied access to the Court. See Woltz v. Scarantino, 2012 WL 851118, * 1 (S.D.W.Va. March 13, 2012)("Plaintiff does not have a constitutional right to participate in an administrative remedy process and 'his access to courts has not been hindered or chilled in any way.'") The record reveals that Plaintiff was clearly able to file his Complaint with this Court initiating the instant proceeding. The record further reveals that Plaintiff has filed two additional actions with this Court (Civil Action Nos. 5:15-02063 and 5:15-02065) and submitted at least three administrative remedy requests (Id., pp. 9, 12, and 14). Plaintiff has failed to state any facts or circumstances indicating or creating any basis for inferring that he has sustained actual injury as a consequence of the Defendants' alleged conduct.[3] Accordingly, the undersigned finds that

---

[3] The Fourth Circuit has held that an inmate's claims of retaliation must be treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)(*en banc*)(citations omitted). Additionally, bare assertions of retaliation do not rise to the

Plaintiff's above claim should be dismissed.

**B. Equal Protection.**

Plaintiff alleges that Defendant Stock violated his right to Equal Protection by "recommending 6 months or less RRC placement for most inmates, but for her K9 program inmates she recommends 9 months RRC placement or home confinement." (Document No. 3, p. 8.) Plaintiff alleges that the forgoing demonstrates "bias and discrimination" by Defendant Stock. (Id.) The relevant equal protection cases provide a basic three-step analysis to determine whether an inmate's right to equal protection has been violated. First, the inmate must produce evidence to show that he was treated differently than other similarly situated inmates. See Durso v. Rowe, 579 F.2d 1365, 1371 (7th Cir. 1978). Second, the inmate must show that he was intentionally singled out for harsher treatment. See Brandon v. District of Columbia Bd. of Parole (I), 734 F.2d 56, 60 (D.C. Cir. 1984); Stringer v. Rowe, 616 F.2d 993, 998 (7th Cir. 1980). Third, if the inmate was purposefully singled out, the analysis can take one of two paths. The first path is taken if the inmate can show that the prison's motivation in effecting its differential treatment implicates a suspect classification or a fundamental right. If this is established, the Court must strictly scrutinize the prison's actions. See O'Bar v. Pinion, 953 F.2d 74, 81-82. The prison must show that the classification is narrowly tailored to a compelling governmental interest. Id. If the prison's reason for the differential treatment does not implicate a suspect class or a fundamental right, the analysis takes the second path. See Brandon (I), 734 F.2d at 60, Brandon v. District of Columbia Bd. of Parole (II), 823 F.2d 644, 650 (D.C. Cir. 1987). On this path, the differential treatment is subject only to rational basis review. See

---

level of a constitutional violation. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022, 115 S.Ct. 1371, 131 F.2d 227 (1995); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).

O'Bar, 953 F.2d at 81-82. A rational basis review requires that the government's decision to treat similarly situated individuals differently bear some rational relationship to a legitimate State purpose. See Id. at 81; Brandon (I), 734 F.2d at 60; Brandon (II), 823 F.2d at 650.

The undersigned finds that Plaintiff fails to allege that a similarly situated inmate at FCI Beckley received a longer RRC placement and home confinement. Plaintiff attempts to satisfy the first step by comparing the situation of inmates incarcerated at FCI Beckley that participate in the K9 program, to inmates who do not participate in the K9 program. This example, however, is inapposite as these inmates are not "similarly situated." Further, Plaintiff cannot show that he was intentionally singled out for harsher treatment. Finally, Plaintiff does not allege that the decision to recommend only 6 months RRC placement was based on any suspect classification. The undersigned, therefore, finds that Plaintiff has failed to state a claim for denial of equal protection of the law.

### C.    RRC Placement.

In his Complaint, Plaintiff further argues that he has not been appropriately been considered for RRC placement pursuant to Section 3621(b). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. Plaintiff's above claim, therefore, is not cognizable under Bivens. Upon the filing of an application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but

generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). Therefore, the undersigned will construe Plaintiff's above claim under Section 2241 and order the opening of a new action. To the extent Plaintiff is seeking relief under Bivens, the undersigned recommends that his above claim be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 3.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright

v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 27, 2015.

R. Clarke VanDervort
United States Magistrate Judge